IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILL VAL VASQUEZ,

       Plaintiff,

vs.                                                    No. CV 16-00821 KG/LF

AYUDANDO GUARDIANS INC., and
DEPARTMENT OF VETERANS AFFAIRS
REGIONAL OFFICE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff, Bill Val Vasquez on July 15, 2016 (Doc. 1) ("Complaint"). The Court concludes that the Complaint fails to state a claim on which relief can be granted under § 1915(e)(2)(B).

Plaintiff Vasquez brings civil rights claims against Ayudando Guardians Inc. ("Ayudando Guardians"), a private company providing guardianship services to veterans under contract with the United States Department of Veterans Affairs and against the Department of Veterans Affairs Regional Office. Plaintiff asserts jurisdiction pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). (Doc. 1 at 2). The Complaint alleges that Defendants have taken his money without due process of law. (Doc. 1 at 1-4).

### *Dismissals for Failure to State a Claim*

Plaintiff Vasquez is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B).

1

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff

2

must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## *Analysis of Vasquez's Claims*

Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law. Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011). The state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor. *Stone v. Elohim, Inc.*, 336 Fed.Appx. 841, 842 (10th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)). The Department of Veterans Affairs is an agency of the United States, not a State entity. As such, it never acts under color of state law. Ayudando Guardians is a private entity providing services under contract with a federal agency. It,

similarly, does not act under color of state law. *See Browder v. Anderson,* 2008 WL 1884093 (W.D. Ky 2008); *Aragon v. Ayudando Guardians,* No. CV 07-00669 MV/RHS (D.N.M. February 15, 2008) (Vazquez, J.). The Complaint fails to state any claim for relief against the Department of Veterans Affairs Regional Office or Ayudando Guardians under 42 U.S.C. § 1983. *McCarty v. Gilchrist*, 646 F.3d at 1285.

The Complaint also fails to state any claim for relief pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* creates a cause of action against federal officials similar to the cause of action § 1983 creates against state officials. However, *Bivens* only applies to individual federal officials, and *Bivens* claims against the United States and its agencies are barred by sovereign immunity. *FDIC v. Meyer,* 510 U.S. 471, 484-85 (1994); *Greenlee v. U.S. Postal Service,* 247 F.App'x 953, 955 (10th Cir. 2007). Plaintiff's Complaint does not identify any individual federal officers, the claims against the Department of Veterans Affairs are barred by sovereign immunity, and Aydando Guardians is not a federal entity. Therefore, any *Bivens* claim for damages against Ayudando Guardians and the Department of Veterans Affairs also fails under 28 U.S.C. § 1915(e)(2)(B).

The Court will dismiss Vasquez's Complaint, but will grant him the opportunity to amend to try to remedy the defects in his Complaint. *Hall v. Bellmon,* 935 F.2d at 1109. In order to succeed on a *Bivens* claim, Plaintiff must allege facts showing some personal involvement by identified federal officials in the alleged constitutional violation. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009); *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Plaintiff must make clear the identity of the individual officials, what those officials did, and how the acts of those individuals deprived Plaintiff of a constitutional right. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Plaintiff must file any amended complaint within thirty days of entry of this Memorandum Opinion and Order.  If Plaintiff fails to file an amended complaint, or files an amended complaint that similarly fails to state any claim for relief, the Court may enter a final order of dismissal without further notice.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff, Bill Val Vasquez on July 15, 2016 (Doc. 1) is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and Plaintiff is granted leave to file an amended complaint within thirty (30) days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE