IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILL VAL VASQUEZ,

      Plaintiff,

vs.                                       No. CV 16-00821 KG/LF

AYUDANDO GUARDIANS INC., and
DEPARTMENT OF VETERANS AFFAIRS
REGIONAL OFFICE,

      Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915(e)(2)(B) on the Amended Prisoner's Civil Rights Complaint filed by Plaintiff, Bill Val Vasquez on December 16, 2016, (Doc. 14) ("Amended Complaint"). The Court concludes that the Amended Complaint fails to state a claim on which relief can be granted under § 1915(e)(2)(B) and will dismiss the case.

Plaintiff Vasquez brought civil rights claims against Ayudando Guardians Inc. ("Ayudando Guardians"), a private company providing guardianship services to veterans under contract with the United States Department of Veterans Affairs and against the Department of Veterans Affairs Regional Office. Plaintiff asserted jurisdiction pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). (Doc. 1) at 2. The Complaint alleged that Defendants have taken his money without due process of law. (Doc. 1) at 1-4. Vasquez sought an award of several million dollars in damages and to have complete control of his veteran's benefits turned over to him. (Doc. 1) at 5.

On December 5, 2016, the Court dismissed Vasquez's original Complaint for failure to state a claim. (Doc. 11). Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), the Court also granted Vasquez leave to file an amended complaint. (Doc. 11). Vasquez filed

his Amended Complaint on December 16, 2016. (Doc. 14). Vasquez makes essentially the same allegations against the Department of Veterans Affairs and Ayudando Guardians that he made in his original Complaint, but adds additional allegations about obtaining a particular diabetes treatment from the Department of Veterans Affairs. (Doc. 14) at 1-4. Vasquez again seeks several million dollars in damages, to be allowed to manage his own veteran's benefit funds, and to be put on a list for treatment of the "New Drug to Cure Diabetics." (Doc. 14) at 3.

*Dismissals for Failure to State a Claim*

Plaintiff Vasquez is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The Court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d at 1109 (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under section 1915(e)(2)(B), the Court may dismiss the complaint at any time if it determines the action fails to state a claim for relief or if the claim is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by section 1915 permits the Court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *see also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). Further, a court is not required to accept the truth of a plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, a court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). A court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may a court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

<u>*Analysis of Vasquez's Claims*</u>

Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law. Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011). The state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible and the party charged with the deprivation must be a person who may fairly be said to be a "state actor."

3

*Stone v. Elohim, Inc.*, 336 Fed. App'x 841, 842 (10th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)). The Department of Veterans Affairs is an agency of the United States, not a state entity. As such, it never acts under color of state law. Ayudando Guardians is a private entity providing services under contract with a federal agency. It, similarly, does not act under color of state law. *See Browder v. Anderson,* 2008 WL 1884093 (W.D. Ky 2008); *Aragon v. Ayudando Guardians,* No. CV 07-00669 MV/RHS (D.N.M. February 15, 2008) (Vazquez, J.). The Amended Complaint fails to state any claim for relief against the Department of Veterans Affairs Regional Office or Ayudando Guardians under 42 U.S.C. § 1983. *McCarty v. Gilchrist*, 646 F.3d at 1285.

The Amended Complaint also fails to state any claim for relief pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* creates a cause of action against federal officials similar to the cause of action that section 1983 creates against state officials. However, *Bivens* only applies to individual federal officials, and *Bivens* claims against the United States and its agencies are barred by sovereign immunity. *FDIC v. Meyer,* 510 U.S. 471, 484-85 (1994); *Greenlee v. U.S. Postal Service,* 247 F. App'x 953, 955 (10th Cir. 2007). Plaintiff's Amended Complaint does not identify any individual federal officers; the claims against the Department of Veterans Affairs are barred by sovereign immunity; and Ayudando Guardians is not a federal entity. Therefore, any *Bivens* claim for damages against Ayudando Guardians and the Department of Veterans Affairs also fails under 28 U.S.C. § 1915(e)(2)(B).

To the extent that Plaintiff attempts to assert claims against any official in their individual capacity pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), those claims are dismissed as well. *Bivens* generally allows an individual to sue

federal officials for money damages arising from a violation of the individual's constitutional rights. However, a plaintiff may not sue Veterans Affairs employees in their individual capacities based solely on their acts or omissions relating to benefits determinations in light of the "comprehensive remedial structure [that exists] to address disputes regarding disability ... benefits claims by veterans." *Sugrue v. Derwinski*, 26 F.3d 8, 12 (2$^d$ Cir. 1994) ("[T]he scheme of review for veterans' benefit claims provides meaningful remedies in a multitiered and carefully crafted administrative process....Congress has declined to enact the remedy that [plaintiff] asks us to create against the VA Employees."); *accord Hassan v. U.S. Dep't of Veterans Affairs,* 137 F. App'x 418, 420 (2d Cir. 2005) (finding *Bivens* claim was properly dismissed by district court in case where plaintiff asserted claims for expulsion from Veterans Affairs facility).

Plaintiff Vasquez's Amended Complaint fails to state any plausible civil rights or *Bivens* claim for relief. Accordingly, the Court will dismiss the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B), and *Twombly*, 550 U.S. at 555. However, the Court takes judicial notice of the pendency of federal charges against Ayudando Guardians relating to their trust administration of veterans' benefits. Therefore, the Court dismisses Plaintiff Vasquez's claims without prejudice to his right to assert administrative claims relating to his alleged deprivation of his veteran's benefit payments. *See United States v. Ayudando Alpha, Inc.,* No. CR 17-01836 MV.

<u>*Motions to Amend*</u>

Also pending before the Court are two letter requests by Vasquez to amend his Complaint. (Doc. 18, 27). In his first letter request, Vasquez seeks to make additional allegations against the Department of Veterans Affairs and officials of the Department. (Doc. 18). For the reasons set out above, the proposed amendments would not state any claim for relief. *Sugrue v.*

*Derwinski*, 26 F.3d at 12; *Hassan v. U.S. Dep't of Veterans Affairs,* 137 F. App'x at 420. The proposed amendment would be futile and the Court will deny the request to amend. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991)

In his second letter request to amend, Vasquez seeks to assert claims arising out of the wrongful death of another inmate. (Doc. 27). The proposed amendment is wholly unrelated to the claims Vasquez asserted in his original Complaint and Amended Complaint, and Vasquez already has a separate lawsuit pending in which he makes the same allegations set out in his proposed amendment. *See Bill Val Vasquez v. Warden Betty Judd,* No. CV 17-01257 JCH/GJF. The Court concludes that it is not in the interests of justice to allow the amendment and will deny the letter request to amend. Fed. R. Civ. P. 15(a)(2)

IT IS ORDERED

(1) the letter motion to amend complaint filed May 8, 2017, by Plaintiff Bill Val Vasquez (Doc. 18) is DENIED;

(2) the letter motion to amend complaint filed October 15, 2017, by Plaintiff Bill Val Vasquez (Doc. 27) is DENIED; and

(3) the Amended Prisoner Civil Rights Complaint filed December 16, 2016, by Plaintiff Bill Val Vasquez (Doc. 14) is DISMISSED for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), without prejudice to filing of a Department of Veterans Affairs administrative claim by Vasquez and Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE